**Martial Bertrand NKOUNKOU,
Petitioner,**

v.

**IMMIGRATION & NATURALIZATION
SERVICE, Respondent.**

No. 00–71327.
I & NS No. A76–598–579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 28, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

## MEMORANDUM *

Martial–Bertrand Nkounkou ("Nkounkou"), a citizen of the Republic of Congo, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of Nkounkou's requests for asylum and withholding of deportation. We deny Nkounkou's petition for review.

Disregarding how Nkounkou bought his airplane ticket to this country and why he stayed for a year in Hong Kong, *see Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir. 1999), the BIA's ruling that Nkounkou did not demonstrate past persecution or a well-founded fear of persecution is nevertheless supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Nkounkou lived safely in the outskirts of Brazzaville during the height of civil unrest and was able to travel in and out of the country. Although he submits this was because he was under a Colonel's protection, the BIA was not compelled to accept his explanation as it was wholly unsubstantiated. Nkounkou never received a death threat or heard from others that Sassou–Nguesso's militia had targeted him. While his house was destroyed, it was after his family abandoned it and nothing shows that the destruction was aimed at him because he was a Lari or a Lissouba supporter. Finally, even though the record reveals that civil war in the Republic of Congo was rampant, Nkounkou did not demonstrate that Laris or Lissouba supporters were singled out as such.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the evidence does not compel a finding of persecution or a well-founded fear thereof, it necessarily does not compel a finding that Nkounkou is entitled to withholding of deportation. *Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998).

PETITION DENIED.

McKEOWN, Circuit Judge, dissenting.

I respectfully dissent. The IJ's denial of asylum to Martial Bertrand Nkounkou, who is a member of the Lari ethnic group and a close associate of Pascal Lissouba, the former President of the Republic of Congo ("Congo"), is predicated on an adverse credibility finding that cannot be sustained by the administrative record.

The credibility findings address five different matters. As the majority appears to acknowledge, two of these—related to Nkounkou's conduct in Hong Kong—are inappropriate grounds for an adverse credibility finding. *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999). (At a minimum, the petition should be granted because these two improper grounds are inextricably intertwined with the adverse credibility determination.) Two additional findings relating to Nkounkou's relocation to the outskirts of Brazzaville and his various excursions across the border to the city of Kinshasa rest on mere speculation by the IJ as opposed to specific and cogent reasons supported by the record. *See Mosa v. Rogers,* 89 F.3d 601, 604–05 (9th Cir.1996). Finally, Nkounkou explained to the IJ that he could not reveal the proper name of his protector, The Colonel, because doing so would be counter to his cultural practices. The IJ restricted him from providing further corroborative testimony and explanation, substituted her own view as to what she would have done, and impermissibly declined to credit his cultur-ally-based refusal. *See Chouchkov v. INS,* 220 F.3d 1077, 1083 n. 15 (9th Cir.2000).

The IJ's conclusion that Nkounkou does not possess a well founded fear of future persecution is contrary to both the administrative record and INS regulations. As an ethnic Lari and a Lissouba supporter, Nkounkou is not required to demonstrate that he was specifically targeted for persecution; rather, he qualifies for asylum if he can establish that "there is a pattern or practice ... of persecution of a group of persons similarly situated to [him] on account of race ... membership in a particular social group, or political opinion." 8 C.F.R. § 208.13(b)(2)(iii)(A). The administrative record, including country condition reports from both the United States Department of State and Amnesty International, demonstrates unmistakably that Laris and Lissouba supporters were singled out by the ruling militia for persecution and thus faced dangers more severe than those faced by other Congo citizens.

Because the IJ's findings were not supported by substantial evidence, I would grant the petition for review.